UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SONESTA RL HOTELS FRANCHISING, INC., | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 1:23-cv-12548-JEK<br>) |
| KUNAL PATEL and LOTUS SKY, LLC, | )<br>)<br>) |
| Defendants. | )<br>) |

**MEMORANDUM AND ORDER ON PLAINTIFF'S
AMENDED MOTION FOR ENTRY OF DEFAULT JUDGMENT**

**KOBICK, J.**

The plaintiff, Sonesta RL Hotels Franchising, Inc., filed this action against the defendants, Kunal Patel and Lotus Sky, LLC, to recover damages sustained from the defendants' breaches of the parties' written agreements permitting Lotus Sky to operate a hotel under one of Sonesta's brands. After the defendants were served but failed to answer or otherwise defend this case, the clerk entered notices of default against them. Sonesta now moves for default judgment against both defendants. For the reasons explained below, Sonesta's motion will be granted in part and denied in part. The complaint properly states claims for breach of contract, for breach of the implied covenant of good faith and fair dealing, and for violations of M.G.L. c. 93A, such that Sonesta is entitled to damages and litigation costs. Sonesta's request for attorneys' fees and costs, however, is unreasonably high, and will be granted only in part.

**BACKGROUND**

Sonesta initiated this action on October 26, 2023. Sonesta asserts five claims: breach of a franchise agreement against Lotus Sky (Count I); breach of, and unjust enrichment from, a

promissory note against Lotus Sky (Count II); breach of a guaranty agreement against Patel (Count III); breach of the implied covenant of good faith and fair dealing against both defendants (Count IV); and a violation of M.G.L. c. 93A, § 11, against Lotus Sky (Count V). The defendants did not file an answer or otherwise defend the case. As Sonesta requested, *see* ECF 6, the clerk entered notices of default under Federal Rule of Civil Procedure 55(a) on December 1, 2023, *see* ECF 7 and 8. On December 15, 2023, Sonesta filed an amended motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1), requesting $751,162.79 in damages, including attorneys' fees and litigation costs, plus post-judgment interest under 28 U.S.C. § 1961.

## DISCUSSION

Federal Rule of Civil Procedure 55 establishes a two-step process for entry of a default judgment. First, "the clerk must enter" a notation of default "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Second, the clerk "must enter judgment" "on the plaintiff's request, with an affidavit showing the amount due," where, as here, "the plaintiff's claim is for a sum certain." Fed. R. Civ. P. 55(b)(1). Courts may enter a default judgment under Federal Rule of Civil Procedure 55(b) without a hearing if (1) they have "jurisdiction over the subject matter and parties," (2) "the allegations in the complaint state a specific, cognizable claim for relief," and (3) "the defaulted party had fair notice of its opportunity to object." *In re The Home Restaurants, Inc.*, 285 F.3d 111, 114 (1st Cir. 2002). Here, all three prerequisites are met, and default judgment is appropriate.

**I.      Jurisdiction.**

*First*, the Court has subject matter jurisdiction over this action because there is complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The

complaint seeks well over that monetary threshold, including $549,133.77 in liquidated damages and $45,144.24 in past due monthly fees. ECF 1, ¶ 30. The complaint also states that Sonesta is incorporated and has its principal place of business in Massachusetts, *id.* ¶ 3; that Patel is a citizen of Texas, *id.* ¶ 5; and that Lotus Sky is based in Texas, *id.* ¶ 4. While Sonesta's filings do not specify the citizenship of all of the members of Lotus Sky, a limited liability company, the complaint does reference a recent bankruptcy proceeding involving Lotus Sky. *See* ECF 1, ¶ 21; *see BRT Mgmt. LLC v. Malden Storage LLC*, 68 F.4th 691, 693 (1st Cir. 2023) (the citizenship of each member of an LLC must be assessed when determining whether diversity of citizenship exists between the parties). The Court takes notice of Lotus Sky's bankruptcy filing identifying its two members as citizens of Texas to confirm that diversity jurisdiction exists here. *See* ECF 24, Lotus Sky's Statement of Financial Affairs for a Non-Individuals Filing for Bankruptcy, at 7, *Lotus Sky, LLC*, No. 22-31618-mvl-11 (Bankr. N.D. Tex. Sept. 16, 2022) (indicating that Kunal Patel, with an 85% interest in Lotus Sky, and Chad Rakant Patel, with an interest of 15%, both live in Texas); *Lydon v. Loc. 103, Int'l Bhd. of Elec. Workers*, 770 F.3d 48, 53 (1st Cir. 2014) (matters of public record are subject to judicial notice).[1]

The Court also has personal jurisdiction over Patel as a party to the guaranty and over Lotus Sky as a party to the franchise agreement and promissory note. Under federal common law and Massachusetts law, "[a] party to a contract may waive its right to challenge personal jurisdiction by consenting to personal jurisdiction in a forum selection clause.'" *Inso Corp. v. Dekotec Handelsges, mbH*, 999 F. Supp. 165, 166 (D. Mass. 1998) (citing *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 11 (1972), and *Jacobson v. Mailboxes Etc. U.S.A., Inc.*, 419 Mass. 572, 575

---

[1] The bankruptcy proceeding was subsequently dismissed. *See* ECF 132, Agreed Order Dismissing Case, *Lotus Sky, LLC*, No. 22-31618-mvl-11 (Bankr. N.D. Tex. Sept. 28, 2023).

(1995)). Here, Lotus Sky is a party to the franchise agreement and the promissory note, while Patel is a party to the guaranty. *See* ECF 1-4, at 25, 48, 51. Section 14(g) of the franchise agreement provides, in relevant part, that "[a]ny claims, controversies, disputes or actions must be brought in the federal court nearest to" Sonesta's principal place of business in Newton, Massachusetts, and that Lotus Sky "irrevocably submit[s] to the jurisdiction of such courts and waive[s] any objection [it] might have to either the jurisdiction of or venue in such courts." ECF 1-4, at 22. Section 4 of the guaranty similarly states that "[a]ny claims, controversies, disputes or actions must be brought in the federal court nearest to" Sonesta's principal place of business in Newton, Massachusetts, and that Patel "irrevocably submits to the jurisdiction of such courts and waives any objection he/she might have to either the jurisdiction of or venue in such courts." ECF 1-4, at 45. Section 4(f) of the promissory note also requires that Lotus Sky "submi[t] to the jurisdiction of any federal or state court in the Commonwealth of Massachusetts." ECF 1-4, at 51. Lotus Sky and Patel have thus "irrevocably submit[ted]" and "waive[d] any objection" to this Court's exercise of personal jurisdiction in this case. *See, e.g.*, *SonicSolutions Algae Control, LLC v. Diversified Power Int'l, LLC*, No. 21-cv-30068-MGM, 2021 WL 9096699, at *1 (D. Mass. July 27, 2021) ("'By signing a forum selection clause, . . . a party to a contract waives its right to challenge personal jurisdiction.'" (quoting *Provanzano v. Parker View Farm, Inc.*, 827 F. Supp. 2d 53, 58 (D. Mass. 2011)). The defendants were also properly served under Federal Rule of Civil Procedure 4. *See* ECF 4; *Echevarria-Gonzalez v. Gonzalez-Chapel*, 849 F.2d 24, 28 (1st Cir. 1988) ("A defendant must be served in accordance with Fed. R. Civ. P. 4, in order for the court to secure personal jurisdiction over him.").

II.     **Claims for Relief and Damages.**

*Second*, Sonesta has adequately alleged breach of contract and breach of the implied covenant of good faith and fair dealing as well as Chapter 93A claims, and the defendants are liable as a result. "A defaulting party 'is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated.'" *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 62-63 (1st Cir. 2002) (quoting *Franco v. Selective Ins. Co.,* 184 F.3d 4, 9 n.3 (1st Cir. 1999)); *see Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 13 (1st Cir. 1985) ("[T]here is no question that, default having been entered, each of [the plaintiff's] allegations of fact must be taken as true and each of its . . . claims must be considered established as a matter of law."). Courts "may examine a plaintiff's complaint, taking all well-pleaded factual allegations as true, to determine whether it alleges a cause of action." *Ramos-Falcon v. Autoridad de Energia Electrica*, 301 F.3d 1, 2 (1st Cir. 2002).

Accepting the factual allegations in the complaint as true, Sonesta and Lotus Sky executed a promissory note on August 31, 2022, in which Sonesta agreed to loan Lotus Sky $115,000 so that it could update the franchise hotel. ECF 1, ¶ 14. That same day, Patel also signed a guaranty, agreeing to "personally and unconditionally . . . guarante[e]" that Lotus Sky "shall punctually pay and perform each and every undertaking, agreement and covenant set forth in the" franchise agreement and promissory note and to be "personally bound by, and personally liable for the breach of, each and every provision in" those contracts, including "monetary obligations." ECF 1-4, at 44 (Guaranty § 1); *see* ECF 1, ¶ 16. Then, on September 1, 2022, Lotus Sky and Sonesta entered into the franchise agreement. ECF 1, ¶ 11. Lotus Sky agreed to pay Sonesta to operate its franchise hotel for twelve years, including an initial fee as well as monthly royalties and program fees. *Id.* ¶¶ 11, 13. One day later, on September 2, 2022, Lotus Sky filed for bankruptcy. *Id.* ¶ 21.

5

But because the defendants did not inform Sonesta about the bankruptcy proceeding until November 18, 2022, Sonesta transferred Lotus Sky $115,000 on November 17, 2022, pursuant to the promissory note. *Id.* ¶¶ 22-23. Sonesta sent the defendants a demand for payment of past due balance on July 3, 2023, and both a notice of default and notice to cure on August 11, 2023. *Id.* ¶ 27. After the defendants failed to respond, Sonesta sent them a written notice on October 5, 2023, stating that the franchise agreement would be terminated effective October 6, 2023. *Id.* ¶¶ 28-29. The defendants have not paid Sonesta under the terms of franchise agreement, promissory note, or guaranty. *Id.* ¶¶ 34, 40, 46.

Based on these facts, Lotus Sky breached the franchise agreement (Count I) and promissory note (Count II), and Patel breached the guaranty (Count III). "To show a breach of contract, 'the plaintiff must prove that a valid, binding contract existed, the defendant breached the terms of the contract, and the plaintiff sustained damages as a result of the breach.'" *Klauber v. VMware, Inc.*, 80 F.4th 1, 14 (1st Cir. 2023) (quoting *Minturn v. Monrad*, 64 F.4th 9, 14 (1st Cir. 2023) (applying Massachusetts law)). These elements are met here. Lotus Sky breached the franchise agreement by failing to pay Sonesta the fees owed to operate the hotel, including monthly royalties and program fees. ECF 1, ¶ 34. Lotus Sky also breached the promissory note by failing to update the hotel and to "immediately" return the outstanding balance after the early termination of the franchise agreement. *Id.* ¶¶ 39-40; *see* ECF 1-4, at 49 (Promissory Note § 3(b)) (stating that if the franchise agreement terminates or Lotus Sky breaches that agreement, "the Default Amount . . . will immediately become due and payable by [Lotus Sky] to [Sonesta]").[2] Patel, in turn, violated the guaranty because he did not satisfy the monetary obligations of either the franchise agreement

---

[2] Sonesta's alternative claim in Count II for unjust enrichment, however, is not viable. *See Shaulis v. Nordstrom, Inc.*, 865 F.3d 1, 16 (1st Cir. 2017) ("[A] party with an adequate remedy at law cannot claim unjust enrichment.").

or promissory note. ECF 1, ¶ 46. And because of these breaches, Sonesta suffered damages, as discussed below.

The complaint also establishes that the defendants breached the duty of good faith and fair dealing (Count IV). "The Massachusetts covenant of good faith and fair dealing is taken to be implied in every contract . . . and provides 'that neither party shall do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.'" *Latson v. Plaza Home Mortg., Inc.*, 708 F.3d 324, 326 (1st Cir. 2013) (quoting *Anthony's Pier Four, Inc. v. HBC Assocs.*, 411 Mass. 451, 471 (1991)). To prevail, a plaintiff must show that the defendant "acted with the sort of dishonest purpose or conscious wrongdoing necessary for a finding of bad faith or unfair dealing." *Schultz v. Rhode Island Hosp. Tr. Nat. Bank, N.A.*, 94 F.3d 721, 730 (1st Cir. 1996) (citations omitted). That standard is met here, where the defendants entered into written agreements when they "knew" that Lotus Sky would file for bankruptcy within days of execution and failed to inform Sonesta of the bankruptcy proceeding until the day after it transferred Lotus Sky $115,000. ECF 1, ¶¶ 21-23, 51-52. *See QLS Logistic Servs., LLC v. JAWS Assocs., LLC*, No. 17-cv-11891-ADB, 2018 WL 5816342, at *5 (D. Mass. Nov. 6, 2018) (finding violation of the covenant of good faith and fair dealing in a motion for entry of default judgment).

For similar reasons, Sonesta has established a Chapter 93A violation against Lotus Sky (Count V). Chapter 93A prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." M.G.L. c. 93A, § 2(a). "Conduct is unfair or deceptive if it is 'within at least the penumbra of some common-law, statutory, or other established concept of unfairness' or 'immoral, unethical, oppressive, or unscrupulous.'" *Cummings v. HPG Int'l, Inc.*, 244 F.3d 16, 25 (1st Cir. 2001) (quoting *PMP Assoc., Inc. v. Globe Newspaper Co.*, 366 Mass. 593, 596 (1975)). Sonesta asserts that Lotus Sky "willful[ly] or "knowing[ly]" engaged in "misstatement of facts in

negotiations that led to agreements," namely, in failing to disclose information about its forthcoming bankruptcy proceeding. ECF 1, ¶¶ 58-59. These allegations are sufficient to state a claim under M.G.L. c. 93A, § 11. *See QLS Logistic Servs., LLC*, 2018 WL 5816342, at *5 (finding a Chapter 93A violation where the complaint alleged that the defendants "intentionally failed to provide [the plaintiff] with accurate documentation in order to disrupt its ability to invoice its customers"); *Arthur D. Little Int'l, Inc. v. Dooyang Corp.*, 979 F. Supp. 919, 925 (D. Mass. 1997), *aff'd sub nom. Arthur D. Little, Inc. v. Dooyang Corp.*, 147 F.3d 47 (1st Cir. 1998) ("[W]here one party orders consulting services without an intent to pay for them, such conduct constitutes a violation of [Chapter 93A]." (citing *Levings v. Forbes & Wallace, Inc.*, 8 Mass. App. Ct. 498, 504 (1979)).

Having concluded that Sonesta properly pled Counts I though V, the Court now turns to damages. "It is settled that, if arriving at the judgment amount involves nothing more than arithmetic—the making of computations which may be figured from the record—a default judgment can be entered without a hearing of any kind." *HMG Prop. Inv'rs, Inc. v. Parque Indus. Rio Canas, Inc.*, 847 F.2d 908, 919 (1st Cir. 1988) (citing *Pope v. United States*, 323 U.S. 1, (1944)). Here, the franchise agreement permits Sonesta to terminate the agreement if, among other reasons, Lotus Sky fails to make its required payments. ECF 1-4, at 17 (Franchise Agreement § 11(b)(i)). It also includes a "liquidated damages" provision stating that Lotus Sky "will pay" Sonesta "a lump-sum payment equal to the Royalties, Monthly Program Fees," and other fees "payable for the period from the termination date through the end of the Term." ECF 1-4, at 19 (Franchise Agreement § 12(b)(i)). The clause further provides that if Lotus Sky "fail[s] to comply with all of [its] obligations . . . within 30 days after the expiration or sooner termination of this Agreement, [it] will also pay [Sonesta] $500 for each day in which [it is] in breach of such

obligations." *Id.* (Franchise Agreement § 12(b)(ii)). In total, that amounts to $549,133.77. *See* ECF 1, ¶ 30.b; ECF 13-3, ¶ 16.b. Sonesta is also owed $45,144.24 in past due monthly fees under the franchise agreement, *see* ECF 1, ¶ 30.a; ECF 13-3, ¶ 16.a, as well as $13,490.50 in recoupable fees that it forwent pursuant to the September 1, 2022, amendment to the franchise agreement, *see* ECF 1, ¶ 30.d; ECF 13-3, ¶ 16.d; *see also* ECF 1-4, at 34-38 (Franchise Agreement Amendment). In addition, Sonesta is owed the promissory note's outstanding balance of $115,000. *See* ECF 1, ¶ 30.c; ECF 13-3, ¶ 16.c. Given that Patel signed the guaranty agreeing that his "liability . . . shall be joint and several with" Lotus Sky, ECF 1-4, at 44 (Guaranty § 3(a)), both defendants are jointly and severally liable for these damages of $722,768.51.[3]

Sonesta is also entitled to "reasonable" attorneys' fees and costs under the franchise agreement and Chapter 93A. The franchise agreement between Sonesta and Lotus Sky, which Patel personally guaranteed, states that "[t]he prevailing party in any legal action or other proceeding will recover from the non-prevailing party all fees, costs and expenses (including *reasonable* attorneys' fees and costs through all trial and appellate levels and proceedings)." ECF 1-4, at 22 (Franchise Agreement § 14(h)) (emphasis added). Chapter 93A similarly permits damages in the form of "attorneys' fees and costs." M.G.L. c. 93A, § 11. The $437.28 sought in litigation costs is reasonable; it presumably includes the $402 filing fee and the cost of serving the complaint on defendants. *See* ECF 13-4, ¶ 3. The $27,957 in attorneys' fees requested by Sonesta, however, is not reasonable.

"When fashioning a fee award, the district court ordinarily starts by constructing what has come to be known as the lodestar," which is generally "the product of the number of hours appropriately worked times a reasonable hourly rate or rates." *Hutchinson ex rel. Julien v. Patrick*,

---

[3] Sonesta does not seek double or treble damages under M.G.L. c. 93A, § 11.

636 F.3d 1, 13 (1st Cir. 2011) (citations omitted). As "[t]he party seeking the award," Sonesta "has the burden of producing materials that support the request," which "should include counsel's contemporaneous time and billing records, suitably detailed, and information anent the law firm's standard billing rates." *Id.* (citations omitted). It is also "the court's prerogative (indeed, its duty) to winnow out excessive hours, time spent tilting at windmills, and the like." *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 296 (1st Cir. 2001).

Sonesta has failed to produce the required time and billing records. It has merely submitted an affidavit declaring the number of hours worked by *four* attorneys (2.4, 16.2, 38.6, and 15.1 hours) and one paralegal (3.6 hours) as well as their respective hourly rates ($350 or $450 for each attorney and $220 for the paralegal). *See* ECF 13-4. As an initial matter, "[i]t is unclear why it would take [over 75 hours] to file a complaint, serve defendants, file a motion for an entry of default, and file a motion for a default judgment." *BSE Tech LLC v. Asia Tech Corp.*, No. 13-cv-10972-FDS, 2014 WL 347599, at *5 (D. Mass. Jan. 29, 2014) (denying request for attorneys' fees). And where, as here, a party omits any "detailed contemporaneous time records," ordinarily "a substantial reduction in any award" is warranted. *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 952 (1st Cir. 1984).

Rather than deny attorneys' fees outright, the Court will reduce the requested attorneys' fees to $20,800. This sum allows fees for the work performed by the two attorneys who have signed Sonesta's pleadings, Michael Filbin and Benjamin Wilkoff, while addressing the seemingly excessive hours attributed to this litigation. *See QLS Logistic Servs., LLC*, 2018 WL 5816342, at *6-7 (reducing the hourly rates and the requested recovery of $12,604.10 in attorneys' fees to $10,217.10).

### III. Fair Notice.

*Third*, the defendants were properly served by Sonesta on October 30, 2023, *see* ECF 4, and were mailed copies of the complaint, affidavit of service, notices of default judgment, and the Court's standing order on motions for default judgment on December 1, 2023, *see* ECF 10. Sonesta also served the motions for entry of default judgment, and memoranda in support of those motions, on the defendants via email and mail on December 15, 2023. *See* ECF 12, at 4; ECF 13, at 4; ECF 14, at 11; and ECF 15, at 11 (certificates of service). The defendants have had since October 2023 to respond to the complaint, and since December 2023 to respond to the motion for default judgment, but have not appeared to defend themselves in this action. Accordingly, the defendants "had fair notice of [their] opportunity to object." *In re The Home Restaurants, Inc.*, 285 F.3d at 114 (finding fair notice); *Safeguard Properties, LLC v. Freedom Trucking Co.*, No. 20-cv-12243-DHH, 2021 WL 11705758, at *4 (D. Mass. July 7, 2021) (same); *Amguard Ins. Co. v. Santos Remodeling, Inc.*, No. 14-cv-14745-FDS, 2016 WL 424961, at *3 (D. Mass. Feb. 3, 2016) (same).

### CONCLUSION AND ORDER

For the foregoing reasons, Sonesta's amended motion for entry of default judgment (ECF 13) is GRANTED in part and DENIED in part. Judgment shall enter for Sonesta as follows:

1. Sonesta is awarded $722,768.51 in contract damages against both defendants jointly and severally.

2. Sonesta is also awarded $20,800 in attorneys' fees and $437.28 in litigation costs against both defendants jointly and severally.

3. Sonesta is further entitled to post-judgment interest on the total award of $744,005.79 under 28 U.S.C. § 1961.[4]

SO ORDERED.

                                                        /s/ Julia E. Kobick
                                                        UNITED STATES DISTRICT JUDGE

Dated: February 6, 2024

---

[4] Section 1961 states that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court," and that "[s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding . . . the date of the judgment." 28 U.S.C. § 1961(a); *see Creative Photographers, Inc. v. FilterGrade, LLC*, No. 22-cv-10985-IT, 2023 WL 4137296, at *4 (D. Mass. June 22, 2023) (granting motion for default judgment and awarding post-judgment interest under 28 U.S.C. § 1961); *Fuzhou Maozen Imp. & Exp. Co. v. PetEdge, Inc.*, No. 18-cv-10806-ADB, 2018 WL 5315246, at *3 (D. Mass. Oct. 26, 2018) (same).